UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EFRIM RENTERIA, TALISHA RENTERIA,<br><br>Plaintiff,<br><br>v.<br><br>SHINGLE SPRINGS BAND OF MIWOK INDIANS, et al.,<br><br>Defendants. | No. 2:16-cv-1685-MCE-AC<br><br>**ORDER** |

Through this lawsuit, Plaintiffs Efrim and Talisha Renteria ("Plaintiffs") seek to overturn a ruling by the Shingle Springs Band of Miwok Indians Tribal Court's ruling which appoints Defendant Regina Cuellar as the legal guardian of Plaintiffs' three nieces. Their Complaint attacks the Tribal Court's jurisdiction over the custody proceedings in the first instance, and further alleges that the Tribal Court custody proceedings violated Plaintiffs' right to due process under the Fourteenth Amendment. Plaintiffs filed an Application for a Temporary Restraining Order concurrently with their Complaint. ECF No. 8. Their Application seeks to enjoin the enforcement of the Tribal Court's order during the pendency of this action. For the reasons that follow, Plaintiffs' Application is GRANTED.

///

# BACKGROUND[1]

Plaintiffs are the maternal great aunt and uncle of three young girls ("AC (older)," "AC (younger)," "NC," and, collectively, "Minors"). The Minors' parents were killed in a car accident on December 17, 2015. Their late father was a member of the Shingle Springs Band of Miwok Indians ("Tribe"), a federally recognized Indian tribe, but the Minors resided and were domiciled with their parents in Visalia, California. They have never resided or been domiciled on tribal lands. Until the death or their parents, the Minors have had little contact with their paternal family and almost no contact with the Tribe.

Plaintiffs cared for the Minors in the weeks following the accident. On January 5, 2016, members of the children's paternal family appeared at Plaintiffs' house in Visalia, thrust a copy of an emergency order issued by the Tribal Court of the Shingle Springs Band of Miwok Indians ("Tribal Court") into Plaintiffs' hands, and forcibly removed AC (younger) and NC.[2] On January 22, 2016, the Tribal Court held a review hearing regarding guardianship, appointed Plaintiffs as temporary guardians for the Minors, and established a schedule of visitations for the paternal family.

Beginning in February 2016, the two older children repeatedly reported that their paternal step-grandfather ("Joseph") was sexually abusing them during their visits.[3] Plaintiffs reported the abuse to the Visalia Police Department and the Tulare County Health & Human Services Agency. In the days that followed Plaintiffs' initial police report, the children were interviewed outside of Plaintiffs' presence on three separate occasions by social workers with no connection to the family. The two older children continued to

---

[1] The following recitation of facts is taken, sometimes verbatim, from the Complaint, Plaintiffs' Application for a Temporary Restraining Order, and the supporting materials thereto.

[2] AC (older) was injured during the car accident that killed her parents and remained hospitalized on January 5, 2016.

[3] The Court has reviewed all of the allegations of sexual abuse. In an effort to be cognizant of the best interests of the Minors, precise details of those allegations are not included in this Order.

report instances of sexual abuse by Joseph to these social workers. After Plaintiffs made these reports, the Tribal Court modified the visitation order such that Joseph was not to have access to the minors.

On June 3, 2016, the Tribal Court appointed Defendant Regina Cuellar as the Minors' guardian effective June 12, 2016.  At the same time, the Tribal Court issued a visitation order that failed to restrict Joseph's access to the Minors.  The Minors then went for visitation with Defendant Regina Cuellar on June 4 and 5.

The failure to restrict Joseph's access to the Minors during this visit resulted in yet another instance of alleged sexual abuse.  Specifically, when the Minors returned to Plaintiffs' home on the evening of June 5, AC (older) reported an additional instance of sexually abusive behavior by Joseph.  Plaintiffs declined to give custody of the Minors to the paternal family on June 12, and caused a "Good Cause" Report to be filed with the Tulare County District Attorney.  Plaintiffs are currently proceeding with a Petition Re Good Cause under California Penal Code section 278.7 and California Family Code section 3041 to retain temporary guardianship of the three minor children in Tulare County Superior Court.

Plaintiffs filed this action on July 21, 2016 seeking injunctive relief and a declaration that the Tribal Court lacks jurisdiction in the guardianship proceedings and that the June 3, 2016 proceedings, which resulted in the appointment of Ms. Cuellar as guardian, violated Plaintiffs' due process rights.

**STANDARD**

The purpose of a temporary restraining order is to preserve the status quo pending the complete briefing and thorough consideration contemplated by full proceedings pursuant to a preliminary injunction.  See Granny Goose Foods, Inc. v. Teamsters, 415 U.S. 423, 438-39 (1974) (temporary restraining orders "should be restricted to serving their underlying purpose of preserving the status quo and preventing

irreparable harm just so long as is necessary to hold a hearing, and no longer"); see also Reno Air Racing Ass'n., Inc. v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006); Dunn v. Cate, No. CIV 08-873-NVW, 2010 WL 1558562, at *1 (E.D. Cal. April 19, 2010).

Issuance of a temporary restraining order, as a form of preliminary injunctive relief, is an extraordinary remedy, and Plaintiffs have the burden of proving the propriety of such a remedy. See Mazurek v. Armstrong, 520 U.S. 968, 972 (1997). In general, the showing required for a temporary restraining order and a preliminary injunction are the same. Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001).

The party requesting preliminary injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, 555 U.S. 7, 20 (2008); Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting Winter). The propriety of a TRO hinges on a significant threat of irreparable injury that must be imminent in nature. Caribbean Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988).

Alternatively, under the so-called sliding scale approach, as long as the Plaintiffs demonstrate the requisite likelihood of irreparable harm and show that an injunction is in the public interest, a preliminary injunction can still issue so long as serious questions going to the merits are raised and the balance of hardships tips sharply in Plaintiffs' favor. Alliance for Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-36 (9th Cir. 2011) (concluding that the "serious questions" version of the sliding scale test for preliminary injunctions remains viable after Winter).

///
///
///
///

**ANALYSIS**

**A. Plaintiffs And The Minors Are Likely To Suffer Irreparable Harm Without A Temporary Restraining Order**

Plaintiffs easily establish the requisite level of harm to obtain a Temporary Restraining Order. If Plaintiffs' allegations are true, three young children have been sexually abused in the past. The instances of abuse are not isolated incidents. The Minors' reports of sexually abusive conduct span the course of nearly half a year.

Permitting enforcement of the Tribal Court's custody order would re-expose the Minors to their sexual abuser. The sexual exploitation of children is not only morally repugnant, but results in long-lasting and serious harm for the rest of their lives. See U.S. v. Baker, 672 F. Supp. 2d 771, 773 (E.D. Tex. December 7, 2009). Furthermore, Plaintiffs have cared for the Minors and served as their guardians for an extended period of time. Plaintiffs and the Minors are apparently close. ECF No. 7 at ¶ 12; ECF No. 11 at ¶ 3. The fact that the Minors will be re-exposed to their alleged abuser is emotionally devastating for Plaintiffs as well as the Minors. See ECF No. 11 at ¶ 22. Accordingly, Plaintiffs have met their burden of demonstrating that both they and the Minors will suffer irreparable harm in the absence of preliminary relief. Winter, 555 U.S. at 20 (2008).

**B. Plaintiffs Have Demonstrated That There Are Serious Questions Regarding The Merits Of Their Claims**

Plaintiffs have shown, at a minimum, serious questions going to the merits of at least one of their substantive claims. Specifically, if Plaintiffs' allegations are true, the Tribal Court proceedings did not afford them due process.

The core of the constitutional right to due process is a meaningful opportunity to be heard before a person is deprived of a significant liberty interest. LaChance v. Erickson, 522 U.S. 262, 266 (1998). In this case, Plaintiffs allege that the relationship between the Tribal Court and members of the Tribe denied them a meaningful opportunity to be heard. They point to numerous occurrences, comments, and potential

conflicts of interest that may have prevented the Tribal Court from listening to their concerns about sexual abuse and the Minors' best interests with an open mind. See ECF No. 8 at 25-26. If these allegations are true, they raise serious questions about the fairness of procedures in the Tribal Court proceeding.

Given the severity of the harm Plaintiffs and the Minors are likely to suffer if the Court does not grant a temporary restraining order, Plaintiffs need only show that there are serious questions going to the merits of their claims. They have done so and are therefore entitled to preliminary relief if the balance of the hardships tips sharply in their favor.

### C. The Balance Of Hardships And The Public Interest Favors The Issuance Of A Temporary Restraining Order

It is clear that the balance of hardships tips sharply in Plaintiffs' favor. Plaintiffs' application for a temporary restraining order seeks to maintain the status quo. The Minors have apparently never lived on tribal lands, nor do Defendants appear to have ever had a particularly close relationship with them. They will suffer little, if any, harm from the maintenance of the status quo for less than a week. Conversely, the Minors may be sexually abused if the Tribal Court's order is not enjoined from enforcement. Furthermore, while the public interest may favor the placement of Indian children with Indian guardians, it favors the prevention of child sexual abuse even more strongly. Plaintiffs' Application is therefore GRANTED.

**CONCLUSION**

Plaintiffs' Application for a Temporary Restraining Order (ECF No. 8) is GRANTED. Defendants are ENJOINED from enforcing the Tribal Court's June 3, 2016 Order Appointing Guardian of Minors, and Plaintiffs are appointed temporary guardians of the three minor children who are the subject of this action. No bond is required pursuant to Federal Rule of Civil Procedure 65. This Temporary Restraining Order shall

1 | remain in effect until the hearing on Plaintiffs' Motion for Preliminary Injunction, which is
2 | hereby scheduled for July 28, 2016, at 9:00 a.m. Defendants may file an opposition to
3 | Plaintiffs' Application not later than July 26, 2016. Plaintiffs may file a reply not later than
4 | July 27, 2016.

IT IS SO ORDERED.

Dated: July 26, 2016

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE