UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EFRIM RENTERIA, TALISHA RENTERIA,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>SHINGLE SPRINGS BAND OF MIWOK INDIANS, et al.,<br><br>　　　　Defendants. | No. 2:16-cv-1685-MCE-AC<br><br>**ORDER** |

On July 22, 2016, the Court granted Plantiffs Efrim and Talisha Renteria's ("Plaintiffs") Application for a Temporary Restraining Order.  ECF No. 18.  The Court's Temporary Restraining Order ("TRO") appointed Plaintiffs as temporary guardians of the three minor children ("Subject Minors") who are the subject of this action and enjoined enforcement of the June 3, 2016 Order Appointing Guardian of Minors issued by Defendant Shingle Springs Band of Miwok Indians Tribal Court ("Tribal Court").  Id.; ECF No. 19.  The Court also set a hearing for July 28, 2016 to determine whether a preliminary injunction should issue pending a trial on the merits.  Id.  That hearing was eventually continued to August 31, 2016.  ECF No. 43.

///

///

On August 3, 2016, the Tribal Court held a hearing to consider a motion filed by Defendant Regina Cuellar seeking the return of the Subject Minors to her care and custody. ECF No. 47-1 at 3. Plaintiffs were not present at the hearing. Id. Thereafter, the Court issued an order ("August 11 Order") requiring all parties to appear in the Tribal Court on August 24, 2016 to consider visitation. Id. at 4. The Tribal Court also denied Plaintiffs' request for the audio files of the hearings that are the subject of their due process challenge in this action. Id.

Presently before the Court is Plaintiffs' Application for a Supplemental Temporary Restraining Order. ECF No. 47. Specifically, Plaintiffs ask the Court to: (1) find that the Tribal Court's August 11 Order violates the TRO currently in effect; (2) clarify that Plaintiffs are released from complying with the August 11 Order; (3) require Defendants to deposit all recordings of hearings regarding the subject minors and all other records filed with the Tribal Court regarding the subject minors since June 1, 2016; and (4) enjoin the Tribal Court from holding further hearings on custody and visitation regarding the Subject Minors until this Court rules on Plaintiffs' Motion for Preliminary Injunction. ECF No. 47 at 6-7.

Plaintiffs' Application is DENIED without prejudice for failure to comply with the Local Rules of the United States District Court for the Eastern District of California.[1] Local Rule 231(a) provides that a temporary restraining order will not be granted, except in the most extraordinary of circumstances, "absent actual notice to the affected party and/or counsel." Furthermore, Local Rule 231(c) requires an applicant for a temporary restraining order to provide certain documents to the Court and to the opposing parties and their counsel. Pertinently, those documents include:

> (3) a brief on all relevant legal issues presented by the motion;

///
///

---

[1] All further references to "Local Rule" or "Local Rules" are to the Local Rules of the United States District Court for the Eastern District of California.

2

>(4) an affidavit in support of the existence of an irreparable injury;
>
>(5) an affidavit detailing the notice or efforts to effect notice to the affected parties or counsel or showing good cause why notice should not be given, see L.R. 142;
>
>(6) a proposed temporary restraining order with a provision for a bond, see L.R. 151; [and]
>
>(7) a proposed order with blanks for fixing the time and date for hearing a motion for preliminary injunction, the date for the filing of responsive papers, the amount of the bond, if any, and the date and hour of issuance[.]

Plaintiffs have filed no affidavits explaining how the August 11 Order would result in irreparable injury to them, no affidavit detailing their efforts to effect notice to the affected parties or counsel, and no proposed temporary restraining order with the information required by Local Rule 230(c)(6)-(7).

Furthermore, Plaintiffs' brief in support of their pending Application is inadequate. In their Oppositions to Plaintiffs' Motion for Preliminary Injunction, Defendants have raised arguments about the viability of Plaintiffs' claims and the Court's jurisdiction to hear them. See generally, ECF No. 30; ECF No. 32.  Of specific interest to the Court are Defendants' arguments that the Fourteenth Amendment of the United States Constitution does not apply to Tribal Court proceedings, that the only avenue for Plaintiffs to challenge the Tribal Court's proceedings for lack of due process is under the Indian Civil Rights Act ("ICRA"), and that the only method for obtaining relief under the ICRA is by a writ of habeas corpus. Id.  Those legal arguments are highly relevant to the issues presented in the pending Application, but Plaintiffs fail to address them.  In light of Defendants' unaddressed jurisdictional arguments and Plaintiffs' failure to discuss the harm they might suffer if the Court does not issue a Supplemental TRO, the Court declines to issue further injunctive relief until the Plaintiffs' Motion for Preliminary Injunction has been heard and the Court has an opportunity to make an informed, threshold determination about its jurisdiction over this action.

///

Accordingly, Plaintiffs' Application for a Supplemental Temporary Restraining Order (ECF No. 47) is DENIED without prejudice to refiling.  Plaintiffs should address Defendants' legal arguments concerning this Court's jurisdiction and Defendants' immunity from suit if they choose to refile their current Application.

IT IS SO ORDERED.

DATED:  August 24, 2016

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE