UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EFRIM RENTERIA and TALISHA RENTERIA,<br><br>  Plaintiffs,<br><br>  v.<br><br>REGINA CUELLAR,<br><br>  Defendant. | No. 2:16-cv-01685-MCE-AC<br><br>**MEMORANDUM AND ORDER** |

Plaintiffs Efrim and Talisha Renteria originally brought this action against the Shingle Springs Band of Miwok Indians, its Tribal Council, its Tribal Court, Christine Williams in her official capacity as the Tribal Court judge, Regina Cuellar in both her official capacity as a member of the Tribal Council (collectively, the "Tribal Defendants") and her individual capacity as the appointed guardian of Plaintiffs' three minor nieces (the "Minors"), all of whom are under seven years old. Plaintiffs seek to prevent the enforcement of Tribal Court's June 3, 2016 Order ("June 3 Order") appointing Cuellar as the legal guardian of the Minors. Their Complaint attacks the Tribal Court's jurisdiction over the custody proceedings, and further alleges that the June 3 Order is unenforceable in courts subject to the Fourteenth Amendment of the United States Constitution because the underlying proceedings violated Plaintiffs' due process rights.

On September 2, 2016, this Court declined to exercise jurisdiction over the Tribal Defendants due to concerns of sovereign immunity. Mem. & Order, ECF No. 58, at 11–12. Additionally, the Court held that the Tribal Defendants were not indispensable parties under Federal Rule of Civil Procedure ("Rule") 19 and that the suit could proceed against Cuellar in her individual capacity. Id. at 15. Furthermore, the Court found Plaintiffs entitled to a preliminary injunction and enjoined Cuellar from seeking recognition or enforcement of the June 3 Order in state or federal court. Id.

Cuellar has now filed a Motion for Reconsideration, ECF No. 62, claiming that the Court's September 2 order was "clear manifest error, clear abuse of discretion and causing clear manifest injustice," Mem. of P & A in Supp. of Mot. for Recons. ("Mot. for Recons."), ECF No. 64, at 10. Cuellar has also filed a Motion to Dismiss, claiming that the case is now moot. Mot. to Dismiss ("MTD"), ECF No. 82. Plaintiffs, on the other hand, have filed a Motion for an Order to Show Cause, alleging that Cuellar violated the Preliminary Injunction. ECF No. 74. Additionally, the Goldwater Institute filed a Motion for Leave to File an Amicus Curiae Brief on behalf of Plaintiffs. ECF No. 69.[1]

For the reasons that follow, Cuellar's Motion for Reconsideration is DENIED, but her Motion to Dismiss is GRANTED. In light of the dismissal of the case, the preliminary injunction entered on September 2, 2016 is DISSOLVED, and both Plaintiffs' Motion for an Order to Show Cause and the Goldwater Institute's Motion for Leave to File an Amicus Curiae Brief are DENIED as moot.

///
///
///
///
///
///

---

[1] Because oral argument would not have been of material assistance, the Court ordered these matters submitted on the briefs in accordance with Local Rule 230(g).

# BACKGROUND[2]

Plaintiffs are the maternal great aunt and uncle of the Minors.[3] The Minors' parents were killed in a car accident on December 17, 2015. Their late father was a member of the Tribe, but the Minors resided and were domiciled with their parents in Visalia, California. They have never resided or been domiciled on tribal lands.

Plaintiffs cared for the Minors in the weeks following the accident. On January 5, 2016, members of the children's paternal family appeared at Plaintiffs' house in Visalia, thrust a copy of an emergency order issued by the Tribal Court of the Shingle Springs Band of Miwok Indians ("Tribal Court") into Plaintiffs' hands, and forcibly removed the two youngest Minors (the eldest Minor remained hospitalized from injuries sustained in the car accident that killed her parents). On January 22, 2016, the Tribal Court held a review hearing regarding guardianship, appointed Plaintiffs as temporary guardians for the Minors, and established a schedule of visitations for the paternal family.

Beginning in February 2016, the two older children repeatedly reported that their paternal step-grandfather ("Joseph") sexually abused them during their visits. Plaintiffs reported the abuse to the Visalia Police Department and the Tulare County Health & Human Services Agency. In the days that followed Plaintiffs' initial police report, the children were interviewed outside of Plaintiffs' presence on three separate occasions by social workers with no connection to the family. The two older children continued to report instances of sexual abuse by Joseph to these social workers. After Plaintiffs made these reports, the Tribal Court modified the visitation order such that Joseph was not to have access to the Minors.

On June 3, 2016, the Tribal Court appointed Defendant Regina Cuellar as the Minors' permanent guardian over Plaintiffs' competing petition and objections.

---

[2] The following recitation of facts is taken, sometimes verbatim, from the Complaint and the papers filed on the docket in connection with Plaintiffs' earlier Motion for Preliminary Injunction.

[3] In an effort to be cognizant of the best interests of the Minors, details that could lead to their identification and allegations are not included in this Order.

Defendant Cuellar's appointment became effective June 12, 2016.  At the same time, the Tribal Court issued a visitation order that failed to restrict Joseph's access to the Minors.  The Minors then went for visitation with Defendant Regina Cuellar on June 4 and 5.

The failure to restrict Joseph's access to the Minors during this visit resulted in yet another instance of alleged sexual abuse.  Plaintiffs declined to give custody of the Minors to the paternal family on June 12, and caused a "Good Cause" Report to be filed with the Tulare County District Attorney.  Plaintiffs then filed this action on July 21, 2016.  They seek a declaration that the Tribal Court lacked jurisdiction to appoint a guardian for the Minors in the first instance, a declaration that the proceedings that led to the appointment of Regina Cuellar violated Plaintiffs' due process rights, and an injunction preventing the enforcement of the June 3 Order outside of tribal lands.

The Court issued a Preliminary Injunction enjoining Cuellar from seeking recognition or enforcement of the Tribal Court's June 3 Order in state or federal courts, pending resolution of Plaintiffs' claims.  ECF No. 58.  Cuellar now seeks reconsideration of that Order and to dismiss the case as moot.

## DISCUSSION

### A.  Motion for Reconsideration
#### 1.  Standard

Rule 60(b) provides for reconsideration of a final judgment or any order where one of more of the following is shown:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which, with reasonable diligence, could not have been discovered within twenty-eight days of entry of judgment; (3) fraud, misrepresentation, or misconduct of an opposing party; (4) voiding of the judgment; (5) satisfaction of the judgment; and (6) any other reason justifying relief.  Fed. R. Civ. P. 60(b).  A motion for reconsideration on any of these grounds must be brought within a

reasonable time, and no later than one year, of the entry of the judgment or the order being challenged. Id. Additionally, Local Rule 230(j) requires a party filing a motion for reconsideration to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." E.D. Cal. Local Rule 230(j).

A court should be loath to revisit its own decisions unless extraordinary circumstances show that its prior decision was clearly erroneous. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817 (1988). This principle is embodied in the law of the case doctrine, under which "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997) (quoting Thomas v. Bible, 983 F.2d 152, 154 (9th Cir. 1993)). Mere dissatisfaction with the court's order, or belief that the court is wrong in its decision, is not grounds for relief under Rule 60(b). Twentieth Century-Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981). A district court may properly deny a motion for reconsideration that simply reiterates an argument already presented by the petitioner. Maraziti v. Thorpe, 52 F.3d 252, 255 (9th Cir. 1995).

### 2.   Analysis

Cuellar makes two arguments in support of her Motion to Reconsider. First, she argues that this Court has no jurisdiction over her because "an individual can never violate the due process clause of the Fourteenth Amendment." Mot. to Recons. at 19. Thus, she continues, "the individual Regina Cuellar must be dismissed for lack of mandatory Article III subject matter jurisdiction." Id. While it is true that the Fourteenth Amendment only proscribes state action, Lugar v. Edmondson Oil Co., 457 U.S. 922, 924 (1982), Cuellar's argument only attacks the merits of Plaintiffs' claims, not the Court's subject matter jurisdiction. The scope of the Fourteenth Amendment is a federal question, and this Court has subject matter jurisdiction to determine whether it proscribes enforcement of the June 3 Order in state and federal courts.

Furthermore, the Fourteenth Amendment does not furnish the only basis for subject matter jurisdiction in this case. After all, as this Court already noted in its prior Order, the Fourteenth Amendment's guarantees of due process do not apply to Indian tribes. See Mem. & Order, at 8 & n.4 (citing Santa Clara Pueblo v. Martinez, 436 U.S. 49, 56 (1978)). The main issue in this case is the scope of ICWA and the extent to which it requires that state courts give full faith and credit to the Tribal Court's June 3 Order. See Mem. & Order, at 15–16 (quoting 25 U.S.C. § 1911(d)). ICWA is a federal law, and accordingly, Plaintiffs' attack on its applicability under the alleged circumstances "aris[es] under . . . the laws of the United States," U.S. Const. Art. III, § 2, and thus falls under the Court's federal question jurisdiction. Cuellar has therefore not shown that asserting subject matter jurisdiction over Plaintiffs' claims constitutes the kind of clear error necessary to justify reconsideration of the Court's preliminary injunction.

Given the arguments raised by Cuellar concerning the issues of due process, the Court here clarifies its prior order. "Enforcing a foreign judgment entitled to full faith and credit requires that the proceedings that led to the judgment comported with due process." Mem. & Order, at 15 (quoting Kremer v. Chemical Const. Corp., 456 U.S. 461, 482 (1982)). Because the Constitution applies only to the federal government and to the states, the due process analysis of a foreign judgment is not the same as the analysis undertaken pursuant to constitutional guarantees of due process. Instead, foreign judgments, such as the Tribal Court's June 3 Order, are only required to "afford the defendant the basic tenets of due process." Marchington, 127 F.3d at 811. It was this analysis of due process—not a constitutional due process analysis—that the Court relied on when it issued the preliminary injunction. See Mem & Order, at 15 & n.7. Though the Court referenced "the constitutional right to due process" in its analysis, Mem. & Order, at 16, it was only to anchor the discussion of the notions of due process inherent in comity and full faith and credit.

Second, Cuellar argues that the Court erred in not finding the Tribal Defendants indispensable under Rule 19. She argues that she is not well-positioned to defend the

6

Tribal Defendants' interests because doing so would "transform[] . . . Regina Cuellar into the dismissed defendants' advocate," which would be inappropriate because "Regina Cuellar has no legal access to the Tribal defendants as clients" and "[a]ll of the Tribal defendants are protected by the attorney–client relationship since they are represented by counsel." Id. at 24–25.  Cuellar wholly misconstrues the analysis undertaken pursuant to Rule 19.  While it is strictly true that Cuellar has "no legal ability to represent the Tribal Defendants," Mot. to Recons. at 24, this has no import in a Rule 19 analysis.  Instead, a court analyzes the interests of absent parties and whether those interests would be prejudiced if the court proceeded without them.  See Fed. R. Civ. P. 19(1)–(2); Makah Indian Tribe v. Verity, 910 F.2d 555, 560 (9th Cir. 1990).

In its prior order, the Court found that the Tribal Defendants' interests in the case were minimal, if they had any interests in the case at all.  See Mem. & Order at 13.  Furthermore, the Court found that Cuellar's interests sufficiently aligned with those of the Tribal Defendants such that prejudice to any interests the Tribal Defendants might have in this suit would be minimal.  Id. at 13.  This does not transform Cuellar into the Tribal Defendants' attorney.  Instead, it merely recognizes that the Tribal Defendants have no independent interests that demand their presence in the case.  Cuellar has every incentive to defend the June 3 Order as valid, and, if she is successful, any interest the Tribal Defendants have in this suit would be wholly vindicated.

Cuellar's Motion for Reconsideration, therefore, falls far short of meeting the high burden required for the Court to reconsider its September 2, 2016 Order and is DENIED.

### B. Motion to Dismiss

#### 1. Standard

A matter is moot and must be dismissed for lack of jurisdiction if an injury no longer exists or a change in circumstances during the litigation deprives a court of the ability to provide any meaningful or effective relief for the alleged violation.  See Mills v. Green, 159 U.S. 651, 653 (1895).  "A case might become moot if subsequent events made it absolutely clear that the alleged wrongful behavior could not reasonably be

expected to recur." Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 189 (2000) (quoting United States v. Concentrated Phosphate Exp. Ass'n, 393 U.S. 199, 203 (1968)). The heavy burden of persuading the court that the challenged conduct cannot reasonably be expected to start up again lies with the party asserting mootness. Id. The focus of a mootness inquiry is whether there can be any effective relief to remedy the alleged violations. Nw. Envtl. Def. Ctr. v. Gordon, 849 F.2d 1241, 1245 (9th Cir. 1988). If any remedy could help alleviate the adverse effects of the injury suffered by a plaintiff, the claim is not moot. Tyler v. Cuomo, 236 F.3d 1124, 1137 (9th Cir. 2000).

Where a claim is found to be moot, dismissal may still be unwarranted where the claim falls within a recognized exception to the mootness doctrine. One exception applies where the action is capable of repetition yet evades review. Honig v. Doe, 484 U.S. 305, 318–20 (1988). To fall within this exception, the controversy must meet two requirements: "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." Murphy v. Hunt, 455 U.S. 478, 482 (1982). And finally, recurrence of the challenged activity must not be too remote or speculative." Super Tire Eng'g Co. v. McCorkle, 416 U.S. 115, 123 (1974).

### 2. Analysis

After this Court granted them a preliminary injunction, Plaintiffs filed suit in the Superior Court of Tulare County and filed an Application for Appointment of Temporary Guardian. Cuellar subsequently moved to dismiss the guardianship proceeding pending in the Tribal Court, agreeing to resolve guardianship of the Minors in the Superior Court of Tulare County. On November 7, 2016, the Tribal Court granted the motion, dismissing the guardianship proceeding "with prejudice." Suppl. Exs. in Supp. of Mot. to Dismiss, ECF No. 83, Ex. A. In that order, the Tribal Court stated that "[t]he case is closed, effective immediately, and will not be re-opened." Id. Cuellar accordingly moves

to dismiss on grounds that the subject of the instant lawsuit—the Tribal Court's June 3 Order—is no longer valid or enforceable in any court, rendering this lawsuit moot. Def.'s Reply in Supp. of Mot. to Dismiss, ECF No. 86, at 3–4.

Plaintiffs, however, are "skeptical of the Motion to Dismiss and the intentions of the opposing parties." Pls.' Opp'n to Mot. to Dismiss, ECF No. 84, at 4. Contrary to Cuellar's assertions, they argue that the case is not moot because there is an ongoing controversy about "whether . . . Cuellar should be able to continue to assert she is the proper guardian for the [Minors]." Id. at 6. Plaintiffs, indeed, seem to be attempting to have the federal court determine the proper guardianship of the Minors, which this Court has no ability to do. Their belief that this Court has the ability to hear such a case appears to be premised on a misreading of this Court's September 2, 2016 Order.

In that Order, the Court enjoined Cuellar "from attempting to seek recognition or enforcement of the Tribal Court's June 3 Order." Mem. & Order, at 21. In discussing the ability of the Court to grant relief as part of its Rule 19 analysis, the Court found it likely that any attempt by Cuellar to enforce the Tribal Order in state court could be removed to federal court. Id. at 14. The Court further stated that after removal, Plaintiffs could ensure the case would be adjudicated by the same judge by relating it to this case under Local Rule 123. Id.

This scenario has not occurred, yet Plaintiffs have proceeded as if it had. Cuellar did not file suit in state court seeking recognition or enforcement of the Tribal Court Order; Plaintiffs filed suit in the Superior Court of Tulare County, seeking an Appointment of Temporary Guardian. That case has not been removed to federal court, nor could it be. The most apparent error in any attempt to remove that proceeding to federal court would be that only defendants can remove a case to federal court. 28 U.S.C. § 1441(a). Equally fatal to any removal attempt by Plaintiffs is that federal courts do not have subject matter jurisdiction over guardianship proceedings. See Ankenbrandt v. Richards, 504 U.S. 689, 702 (1992) (describing the federal court's "domestic relations exception to include decrees in child custody cases").

1    The scenario described in the Court's September 2, 2016 Order involved Cuellar seeking to enforce the Tribal Court Order in state court. In such a scenario, Plaintiffs would be the defendants and thus able to invoke 28 U.S.C. § 1441. Furthermore, Cuellar would be invoking ICWA's full faith and credit clause, providing subject matter jurisdiction as the court would have to determine whether that clause applied to the Tribal Court Order.

Nonetheless, Plaintiffs filed a Notice of Related Case in this Court, naming the Superior Court of Tulare County case related to this one. ECF No. 76. They appear to be under the impression that filing the Notice would remove the guardianship proceeding to federal court, see Not. of Related Case, ECF No. 76, at 3, despite not following the procedures for removing cases and despite the substantive flaws described above.

Nor can Cuellar's motion to dismiss the guardianship proceeding in Tribal Court be construed as forum shopping despite Plaintiffs' contentions to the contrary. See Pls.' Opp'n to Mot. to Dismiss, at 4, 7. The ultimate determination of the proper guardians of the Minors was always to be resolved in either a state or tribal court. All that is at issue in this case is the Tribal Court's June 3 Order and whether it is entitled to full faith and credit in state and federal courts pursuant to ICWA. Now that the June 3 Order is void, there is no alleged injury to Plaintiffs' due process rights under ICWA that this Court could redress. Cuellar has every right to assert that she is the proper guardian of the Minors. She merely is not entitled to enforcement in state or federal courts of an order obtained without the fundamental protections of due process.

Nor do any exceptions to mootness apply. While it is conceivable that the Tribal Court will reopen its proceedings or that Cuellar will attempt to enforce the June 3 Order, those possibilities are "too remote or speculative" for this Court to retain jurisdiction. Super Tire, 416 U.S. at 123. The Tribal Court case has been dismissed with prejudice, and Cuellar has admitted that the June 3 Order is void. Plaintiffs have effectively obtained the same relief this Court would have granted them had this case proceeded and been decided in their favor on the merits. Thus, Cuellar's Motion to Dismiss is

consequently GRANTED and the preliminary injunction entered on September 2, 2016 is DISSOLVED.

### C.    Motion for an Order to Show Cause

Before Cuellar filed her Motion to Dismiss in this Court, she filed a Motion to Quash Service in the state court proceeding, claiming that the Tribal Court had exclusive jurisdiction to hear the case.[4] Id. at 5.  Furthermore, at the first hearing in those proceedings Cuellar asserted that it was her opinion that the June 3 Order conclusively established her as legal guardian.  Id.  Plaintiffs argue that these actions in state court constitute an "attempt[] to seek recognition or enforcement of the Tribal Court's June 3 Order," which was enjoined by this Court's September 3, 2016 Preliminary Injunction. Mem. & Order, at 21.  These allegations might have merit, but in light of the dismissal of this case due to mootness, any coercive civil contempt penalties sought against Cuellar are also rendered moot.  See Shell Offshore Inc. v. Greenpeace, Inc., 815 F.3d 625, 630 (9th Cir. 2016) ("[T]he 'general rule' requires that '[i]f a civil contempt order is coercive in nature . . . it is mooted when the proceeding out of which it arises terminates.'" (second alteration and ellipsis in original) (quoting Ohr ex rel. Nat'l Labor Relations Bd. v. Latino Exp., Inc., 776 F.3d 469, 479–80) (7th Cir. 2015))).  Therefore, Plaintiffs' Motion is DENIED.

## CONCLUSION

For the reasons indicated above, Cuellar's Motion for Reconsideration, ECF No. 62, is DENIED and her Motion to Dismiss, ECF No. 82, is GRANTED.  Furthermore, the preliminary injunction entered on September 2, 2016, ECF No. 58, is DISSOLVED.

///

///

///

---

[4] That motion has since been withdrawn.  Suppl. Exs. in Supp. of Mot. to Dismiss, Ex. C.

Finally, both Plaintiffs' Motion for an Order to Show Cause, ECF No. 74, and the Goldwater Institute's Motion for Leave to File an Amicus Curiae Brief, ECF No. 69, are DENIED as moot.

    IT IS SO ORDERED.

Dated:  December 7, 2016

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE