UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EFRIM RENTERIA and TALISHA RENTERIA,<br><br>    Plaintiffs,<br><br>    v.<br><br>REGINA CUELLAR,<br><br>    Defendant. | No. 2:16-cv-01685-MCE-AC<br><br>**ORDER** |

Plaintiffs initially brought this action against the Shingle Springs Band of Miwok Indians, its Tribal Council, its Tribal Court, Christine Williams in her official capacity as the Tribal Court judge, and Regina Cuellar in both her official capacity as a member of the Tribal Council and in her individual capacity as the appointed guardian of Plaintiffs' three minor nieces. Plaintiffs sought to prevent the enforcement of the Tribal Court's June 3, 2016 Order appointing Cuellar as the legal guardian of the minors. After the Court declined to exercise jurisdiction over the Tribal Defendants due to concerns of sovereign immunity, the case proceeded against Cuellar in her individual capacity. Shortly thereafter, the Court granted Cuellar's motion to dismiss for mootness, and the case was closed.

///

///

1

Because this case involved highly sensitive issues, and specifically because those sensitive issues dealt with three minors, various documents in the record were filed under seal pursuant to the Court's July 22, 2016 Sealing Order ("Sealing Order"). ECF No. 6. Defendant now moves to unseal certain previously-sealed documents for use in connection with an evidentiary hearing in the Tulare County Superior Court regarding continued visitation rights concerning the three minors. Mot. to Unseal, ECF No. 98. The parties stipulated to shorten time for the Court to hear the matter as soon as possible, id., and Plaintiff has filed a statement of nonopposition, ECF No. 102.

For the reasons described below, Defendant's motion is DENIED.[1] The Sealing Order shall remain in place and all documents currently sealed on the docket are to remain sealed from public viewing. To to the extent the Sealing Order might prohibit the parties from using sealed documents in the Tulare County state court case, however, the Sealing Order is hereby supplemented as described below.

## ANALYSIS

In issuing the Sealing Order, this Court found that certain documents to be filed in the case "contain private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation is warranted. . . . Such information should be guarded." Sealing Order at 1. The Order provided that "[o]nly the parties and their attorneys may have . . . access to any part of the case file," and further ordered that the obligations imposed by the Sealing Order "shall remain in effect until a court order otherwise directs." Id. at 2.

///
///
///

---

[1] Because oral argument would not have been of material assistance, the Court orders this matter submitted on the briefs. See E.D. Cal. Local R. 230(g).

1    Because of this language, the Court understands Defendant's desire to unseal
2    certain documents for use in connection with the superior court evidentiary hearing.
3    Nevertheless, the Court is loath to unseal the record because, as Defendant has pointed
4    out, the identities of the minors and other facts surrounding this case have thus far been
5    protected, and the parties themselves request that such protection continue.  Unsealing
6    the record would make these documents not only available for use in the evidentiary
7    hearing, but would make them available to the general public.  Certainly that is not the
8    desired result.

   Moreover, the Court is not convinced that documents sealed in one court for purposes of one case are not able to be produced and used by the parties to another case in another court (though perhaps such documents should be filed under seal or produced under a protective order in that court as well).  See Blight v. City of Manteca, No. 2:15-cv-2513-WBS-AC, 2016 WL 6599814, at *3–4 (E.D. Cal. Nov. 7, 2016) (sealing order "allows the parties to file a document with the court without concern that the public's First Amendment right to view judicial documents will enable that physical document to be viewed by the public").  In any event, to the extent the language of the Sealing Order purports to extend protection of the sealed documents outside the context of the case before this Court, the Court hereby supplements that Order to provide the following additional parties with access to the sealed record for the duration of the superior court case: (1) the Superior Court of Tulare County, (2) any consultant hired by either party to this (now closed) federal litigation, and (3) any expert hired by any party to this litigation.

///
///
///
///
///
///

**CONCLUSION**

For the reasons set forth above, Defendant's unopposed Motion to Unseal, ECF No. 98, is DENIED. The Court's Sealing Order, ECF No. 6, shall be supplemented such that the Superior Court of Tulare County, any consultant hired by either party to this federal litigation, and any expert hired by any party to this litigation, shall be permitted access to the sealed record. Not later than ten (10) days from the date of any disclosure, the parties are further ordered to notify this Court in writing of the names of those persons to whom sealed documents have been provided, exclusive of Tulare County Superior Court personnel.

IT IS SO ORDERED.

Dated: August 28, 2017

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE